IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN LOUIS JONES,

    Petitioner,               No. CIV S-09-3414 DAD P

   vs.

STATE OF CALIFORNIA, et al.,    ORDER AND

    Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. See 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by the respondent's counsel. See 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred.

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. See 28 U.S.C. § 2254(b)(2).

1

1   A petitioner satisfies the exhaustion requirement by fairly presenting to the
2   highest state court all federal claims before presenting them to the federal court.  See Duncan v.
3   Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971);
4   Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th
5   Cir. 1986).
6   After reviewing petitioner's amended petition for habeas corpus, it appears that
7   petitioner has failed to exhaust his claims by presenting them to the California Supreme Court.
8   In this regard, petitioner alleges in his amended petition that he did pursue an appeal from his
9   judgment of conviction.  However, petitioner identifies the court which rejected his appeal as the
10  Sacramento County Superior/Supreme Court." (Am. Pet. at 2 of 6.)  Moreover, the single
11  grounds raised on appeal, as identified by petitioner himself, is not the same as the two grounds
12  for relief purportedly presented by the amended petition before this court.  (Id. at 2 & 4 of 6.)
13  Finally, petitioner concedes that the grounds for federal habeas relief he now seeks to present
14  were not raised by his counsel "at any time." (Id. at 4 of 6.)  Accordingly, the court finds that the
15  claims set forth in the amended petition have not been presented by petitioner to the California
16  Supreme Court.  Further, there is no allegation that state court remedies are no longer available to
17  petitioner.  Accordingly, the petition should be dismissed without prejudice.[2]

18  Good cause appearing, IT IS HEREBY ORDERED that:
19  1. Petitioner's December 8, 2009 application for leave to proceed in forma
20  pauperis (Doc. No. 2) is granted;
21  2. The Clerk of the Court is directed to randomly assign this action to a District
22  Judge;

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d).

3. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the amended petition (Doc. No. 6) filed in the instant case on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that petitioner's amended petition for a writ of habeas corpus be dismissed for failure to exhaust his claims in state court.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 25, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
jon3414.103